No. 3098

Second Circuit

---

## MEYER v. REID

---

(February 3, 1928. Opinion and Decree.)
(March 14, 1928. Rehearing Refused.)

---

(*Syllabus by the Court*)

1. Louisiana Digest—Judgment—Par. 132, 134; Execution—Par. 168; Intervention—Par. 5.
The judgment of a Court of competent jurisdiction must stand with all its

legal consequences until set aside in a direct action. It cannot be annulled on the petition of a third opponent in the action claiming the proceeds of a sale made under a fi. fa. issued upon the judgment in the action by preference over the plaintiff.

Livaudais vs. Livaudais, 3 La. Ann. 454.

Peychaud vs. Citizens Bank, 21 La. Ann. 262.

Tarleton vs. Kennedy, 21 La. Ann. 500.

Cahn vs. Ford, 42 La. Ann. 965, 8 So. 477.

Layman vs. Succession of Woulfe, 136 La. 767, 67 South. 823.

Asher vs. Friedenstein, 19 La. Ann. 256.

Howe vs. Whited, 21 La. Ann. 495.

Appeal from the Ninth Judicial District Court of Louisiana, Parish of Rapides. Hon. R. C. Culpepper, Judge.

Action by A. H. Meyer against W. E. Reid and First State Bank & Trust Company of Leesville, intervenor, third opponent.

There was judgment for plaintiff and third opponent appealed.

Judgment amended and affirmed.

Isaac Wahlder, of Alexandria, attorney for plaintiff, appellee.

S. I. Foster, of Leesville, attorney for defendant, appellant.

## STATEMENT OF THE CASE.

REYNOLDS, J. Plaintiff sued defendant seeking a personal judgment against him on a promissory note for the sum of $800.00, dated March 3, 1926, payable to plaintiff's order six months after its date, bearing 8% per annum interest after maturity until paid, and stipulating payment of 10% attorney's fees, and paraphed "Ne Varietur" under date of March 3, 1926, by Hal T. Dulany, a notary public of Rapides parish, to identify it with a mortgage granted by defendant to plaintiff on that date on a certain automobile to secure its payment, and also seeking to have the mortgage foreclosed and the automobile sold for the satisfaction of the judgment.

And alleging that the defendant had left the state of Louisiana and was now a resident of the State of Texas, plaintiff asked that a curator ad hoc be appoined to represent the defendant.

The prayer of the petition is for a personal judgment against the defendant for the debt and for recognition of the mortgage on the automobile and ordering the latter sold for the satisfaction of the judgment.

J. B. Nachman was appointed curator ad hoc and accepted the appointment and he also accepted service of the petition and waived citation.

The curator ad hoc filed an answer putting the allegations of the petition at issue and on trial a personal judgment was rendered in favor of the plaintiff and against the defendant for the amount of principal and interest of the note and 10% additional as attorney's fees, less certain credits, and also recognizing plaintiff's mortgage on "one Studebaker Special Six Brough car, 1925, model, serial number 3138526" and ordering it to be sold for the satisfaction of the judgment.

Intervenor and third opponent, First State Bank & Trust Company of Leesville, filed a petition of intervention and third opposition in the suit, alleging that on or about January 15, 1927, the Exchange State Bank had instituted suit against the defendant, W. E. Reid, to recover judgment against him on a promissory note for $4000.00 and had procured a writ of

attachment against his property to be issued therein under which the sheriff had seized the automobile described in plaintiff's judgment; that intervenor and third opponent became the owner of the suit and was substituted as plaintiff therein and on March 3, 1927, judgment was rendered in its favor and against W. E. Reid for $4000.00 with 8% interest thereon from March 25, 1926, until paid, and 10% thereon as attorney's fees, and sustaining its writ of attachment.

And intervenor and third opponent further alleges that at the time the writ of attachment was sustained the automobile in question was in the possession of the sheriff in virtue of the writ, and that on the day the judgment was rendered it caused a fi. fa. to issue upon the judgment directing the sheriff to sell the seized property, but that owing to the fact that defendant, W. E. Reid, had permanently left the State of Louisiana the fi. fa. could not then be executed, and that on April 2, 1927, a curator ad hoc was appointed to represent the absentee and on that day the sheriff was instructed to proceed with the execution of the fi. fa. issued on intervenor and third opponent's judgment, and that intervenor and third opponent then learned of the existence of plaintiff's judgment and that the sheriff had also seized the automobile under the fi. fa. issued thereon.

And intervenor and third opponent further alleges the sheriff declared his intention to sell the automobile under the fi. fa. issued upon plaintiff's judgment and not to sell it under that one issued upon intervenor and third opponent's judgment.

And it alleged that the mortgage granted by defendant to plaintiff on the automobile and the judgment in favor of plaintiff and

against defendant were null and void because (1) the mortgage does not describe the automobile seized; (2) intervenor and third opponent was not a party to the suit; and (3) the defendant was at the time the suit was begun and is still an absentee.

It prayed judgment annulling plaintiff's judgment against defendant insofar as it might conflict with that of intervenor and third opponent and ordering payment of its judgment out of the proceeds of the sale of the automobile by preference over plaintiff.

By order of Court the proceeds of the sale were impounded in the sheriff's hands to await the result of the trial of the intervention and third opposition.

Plaintiff filed an exception of no cause of action and also a plea of estoppel to the petition of intervention and third opposition. On trial the exception of no cause of action was overruled and the plea of estoppel sustained and the petition of intervention and third opposition dismissed and the sheriff ordered to pay plaintiff's judgment out of the proceeds of the sale of the automobile in his hands in preference to intervenor and third opponent. Intervenor and third opponent has appealed.

## OPINION.

It is intervenor and third opponent's contention that the District Court was without jurisdiction to render the judgment in favor of plaintiff and against defendant for the reason that a personal judgment cannot be based upon service upon a curator ad hoc and that the judgment is not valid even as one in rem because there was no previous seizure of the automobile to give the Court jurisdiction; that in any event the description of the automobile in the mortgage was insufficient to create a valid

lien quo ad third persons; that if plaintiff acquired any lien thereon it was only by and dated from the levy of his fi. fa., at which time the automobile was already under seizure under intervenor and third opponent's writ of attachment; that on the sustaining of the writ its lien related back to the date of its levy, entitling intervenor and third opponent to the proceeds of its sale in preference to plaintiff anyhow.

We find it unnecessary to go into the interesting questions raised by intervenor and third opponent, for the reason that it is the settled jurisprudence of Louisiana that they cannot be urged by way of intervention and third opposition.

One cannot assail a judgment as null and also ask to be paid the proceeds of a sale of property made thereunder.

"A party cannot claim the nullity of a judicial sale and the fruits of the sale in one and the same action."
Tarleton vs. Kennedy, 21 Ann. 500.
"A third opponent cannot be permitted to aver the nullity of the judgment under which property has been seized, and at the same time claim the proceeds of the sale made under that judgment."
Provosty vs. Carmouche, 22 Ann. 135.
"It is settled beyond dispute that an intervenor must take the suit as he finds it, and cannot complain of the form of action, or of informalities or defects in the proceedings between the original parties."

Intervenor and third opponent complains that notwithstanding its writ of attachment was levied on the automobile before plaintiff's fi. fa. was levied thereon the sheriff refused to sell it under its writ and declared his intention to sell it under plaintiff's fi. fa. and assigns this as rendering it necessary that he assert its rights by means of intervention and third opposition in plaintiff's suit.

We do not think intervenor and third opponent was without other remedy in the premises. Mulling vs. Jones, 164 La. (—); 114 Southern Reporter 725 (Advance Sheets, No. 13, January 14, 1928).

But be that as it may, we know of no exception to the rule that you may not at the time assail the validity of a judicial proceeding and claim a benefit under that proceeding, as intervenor and third opponent is seeking to do by its third opposition.

However, we think the District Court erred in not sustaining plaintiff's exception of no cause of action filed to the petition of intervention and third opposition, and for this reason the judgment appealed from must be modified.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be amended and that the plea of no cause of action filed by plaintiff to intervenor and third opponent's petition of intervention and third opposition be sustained and that in all other respects the judgment appealed from be affirmed.

The District Court erred in not sustaining the exception of no cause of action, and for this reason the judgment must be reversed.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered, adjudged and decreed that the exception of no cause of action filed by plaintiff, A. H. Meyer, to the petition of intervention and third opposition of the First State Bank & Trust Company of Leesville be sustained and the petition dismissed; the costs of the District Court to be paid by intervenor and third opponent and those of this Court by plaintiff, for the reason that in directing the sheriff what disposition to make of the proceeds of the sale of the automobile the judgment appealed from was on the merits.